# QUEEN'S BENCH FOR SASKATCHEWAN

Citation: **2008 SKQB 12**

Date: **2008 01 08**
Docket: Q.B.G. No. 1195 of 2007
Judicial Centre: Saskatoon

BETWEEN:

CE DESIGN LTD., Individually and on behalf of a certified class, as assignees

PLAINTIFF
(APPLICANT)

- and -

SASKATCHEWAN MUTUAL INSURANCE COMPANY

DEFENDANT
(RESPONDENT)

**Counsel:**

Charmaine D. Panko — for the applicant
M. Kim Anderson — for the respondent

JUDGMENT   MILLS J.
January 8, 2008

## INTRODUCTION

[1]  In Illinois, a Saskatchewan company fired off thousands of unwanted faxes to different individuals. As punishment the Illinois court in a class action awarded $5 million in damages against the offender. The class now wishes to register that judgment in Saskatchewan against the respondent insurance company, but not against the offender.

## BACKGROUND

[2]     A Saskatchewan registered company, Homegrown Advertising Inc. (Homegrown), and its principals, Monty Loree and Lisa Loree, were hired to do some marketing on behalf of the Franklin Edison Corporation.

[3]     The plaintiff, CE Design Ltd. (CE), received an unwanted fax from Homegrown and commenced a class action under the Illinois *Telephone Consumer Protection Act* among other claims. Illinois courts took jurisdiction because Homegrown transacted business in Illinois which violated the law complained about and sent the unwanted faxes to Illinois residents on Illinois fax machines. The action proceeded in accordance with Illinois law and a negotiated settlement occurred between CE, Homegrown and the other defendants. The settlement provided a judgment of $5 million on the condition that none of it would be paid by the defendants directly, but that the judgment was to be satisfied only from the proceeds of any insurance policies owned by Homegrown and assigned to CE on behalf of the class in the judgment. The respondent, Saskatchewan Mutual Insurance (SMI), insured Homegrown and was specifically named as an insurer to whom CE and the class could turn for collection of the $5 million judgment. CE commenced this application to register its judgment in Saskatchewan under *The Enforcement of Foreign Judgments Act*, S.S. 2005, c. E-9.121 (the Act).

## STATEMENT OF ISSUES

[4]     SMI raises three issues in an effort to prevent registration of the Illinois judgment in Saskatchewan. They are:

- 3 -

(1) Under s. 4 of the Act a foreign judgment cannot be enforced in Saskatchewan if Illinois lacked jurisdiction over the judgment debtor or subject matter contrary to ss. 8 and 9 of the Act.

(2) Contrary to s. 4(d) of the Act the judgment debtor was not lawfully served in accordance with the law of Illinois or did not receive notice of the commencement of the proceeding in sufficient time to present a defence and the judgment was allowed by default.

(3) Contrary to s. 10 of the Act a foreign judgment cannot be enforced if the judgment debtor proves to the satisfaction of the Saskatchewan court that there was not a real and substantial connection between the state of origin and the facts on which the civil proceeding was based.

## ANALYSIS

[5] Unfortunately for SMI there is no "smell test" in determining whether a foreign judgment can be registered under the Act. CE has obtained a judgment against a different defendant insurer, which it is attempting to register in the Province of Ontario for the same type of claim. SMI has not alleged in its material that CE is acting in bad faith or that the Illinois judgment was obtained by fraud or other unlawful means. If CE is in the business of obtaining class settlements against insurance companies, that by itself has not been raised as a ground for refusing to register the judgment in Saskatchewan. The application of the Saskatchewan Act is the sole basis in determining whether to allow the judgment to register against SMI in this Province.

[6] Despite the three issues identified, this application can be dealt with by

Case: 1:15-cv-04921 Document #: 1 Filed: 06/04/15 Page 4 of 10 PageID #:1

- 4 -

reference to the issue of service and notice as identified in #2.

*(2) Contrary to s. 4(d) of the Act the judgment debtor was not lawfully served in accordance with the law of Illinois or did not receive notice of the commencement in sufficient time to present a defence and the judgment was allowed by default.*

[7]　　　　Detailed facts are required in order to deal with this particular issue. Affidavit evidence discloses the following. Homegrown sent the errant faxes contrary to U.S. federal statute known as *The Telephone Consumer Protection Act*, 47 U.S. c. 227, in late 2004. CE commenced a class action lawsuit against Homegrown and its principals, Monty and Lisa Loree, on May 18, 2005. Homegrown was served with the statement of claim and appeared in Illinois court to defend the action. In May 2006 Homegrown contacted its liability insurer SMI to seek coverage for the claim. SMI denied coverage by letter to Homegrown dated June 23, 2006. The initial action did not include SMI as a named defendant or a third party as we know it in Saskatchewan law; there was nothing in the claim against Homegrown which would indicate to SMI that CE was or would be seeking judgment against it. SMI did not participate further in the matter and negotiations took place between CE and Homegrown arriving in a settlement which was submitted to the Illinois court on February 15, 2007 for approval. The terms of settlement resulted in a judgment for the $5 million being entered against Homegrown and the Lorees in favour of the class. The defendants however had no personal liability for payment of the judgment as the terms of settlement indicated that the judgment was to be satisfied only from the proceeds of the insurance policy assigned to the class which in this case was the SMI policy.

[8]　　　　As a result of the settlement Homegrown and the Lorees were not personally responsible for payment of any of the $5 million; only SMI was at risk.

[9]     To this point in time SMI has not been served with any court action or claim directed to it and has not been involved in the settlement of the class action.

[10]    The next step in the court process was a Citation to Discover Assets to Third Party personally served upon SMI through its vice-president of claims, Rod Wotherspoon. The Citation required SMI as a third party respondent to provide details of the property of the judgment debtor (Homegrown) which was in the possession of SMI.

[11]    The Citation advised SMI that a judgment had been entered on February 15, 2007 for $5 million against Homegrown and that it was unsatisfied. The Citation required SMI in addition to provide a certified copy of the insurance policy in favour of Homegrown and its complete claim file on the action by CE against Homegrown.

[12]    The Citation does not disclose the terms of the settlement and so SMI is unaware upon receipt of the Citation that the settlement proposes the judgment against Homegrown be collected only from SMI.

[13]    The Citation was served on April 4, 2007. It was turned over to SMI's solicitors for a response. The response dated April 10, 2007 was forwarded to the Illinois court and indicated simply that insurance coverage offered by SMI had been denied because the claim did not fall within the coverage provided. No further information as demanded by the Citation was provided.

[14]    On the return date of the Citation, April 26, 2007, CE filed a motion for turnover of insurance proceeds. This motion specifically is directed to SMI and provides for the turnover of $5 million under the policy to the court in satisfaction of the judgment.

- 6 -

The motion was returnable on May 3, 2007 in accordance with Illinois law. This motion was served under Illinois law by forwarding it to SMI in Saskatchewan by ordinary mail. The motion was never received by SMI. The motion was not directed to SMI's solicitor who had previously corresponded with the court. On May 3, 2007 the Illinios court entered a judgment against SMI in respect of the $5 million settlement against Homegrown.

[15]    SMI had no further notice of the judgment until this application taken by CE for registration of the Illinios judgment in Saskatchewan under *The Enforcement of Foreign Judgments Act*.

[16]    SMI says that CE is not entitled to the judgment since it comes in conflict with s. 4(d) of the Act. Section 4(d) states:

> **4** A foreign judgment cannot be enforced in Saskatchewan if:
> . . .
> (d) the judgment debtor was not lawfully served in accordance with the laws of the state of origin or did not receive notice of the commencement of the proceeding in sufficient time to present a defence, and the judgment was allowed by default.

[17]    CE points to Rule 11 of the Illinios Rules of Court which indicates that a <u>party</u> may be served by depositing the process in the United States post office box enclosed in an envelope plainly addressed to the party at its business address or residence with postage fully prepaid. Service of the motion for judgment on a party is therefore allowed by ordinary mail under Illinois law. SMI has not raised the issue that it is not yet a party to the action. I have assumed in the absence of any contrary evidence that service of the motion upon SMI would make them a party. SMI did not attempt to challenge the assertion in the material that Illinois Rule 11 would allow such service.

[18]     We are therefore concerned with the second part of the test in s. 4(d) that SMI did not receive notice of the commencement of the proceedings in sufficient time to present a defence. It is common ground that the judgment was allowed by default.

[19]     Clearly our Act contemplates that a foreign judgment entered by default cannot be registered unless the party in Saskatchewan has received notice in a meaningful fashion that will allow it to respond to the claim. Here the commencement of the proceeding against SMI is the motion returnable May 3, 2007. The substantive action was commenced against Homegrown in 2005. For the purpose of s. 4(d) of the Act the reference to commencement must mean the action resulting in the judgment against SMI, the party who is alleged to be the judgment debtor. Before May 3, 2007 there was no proceeding in which SMI had been subject to an actual claim. The settlement agreement created an action which made SMI subject to a potential claim in the event that it was found by a court of competent jurisdiction that their insurance policy covered the loss claimed. The notice of commencement of action (the May 3, 2007 motion) was never received by SMI and on that basis the application to register the judgment must fail.

[20]     To interpret s. 4(d) of the Act to mean that so long as service was carried out in accordance with the foreign jurisdiction requirement, notice could be deemed to have been received in accordance with the foreign rules, would still not assist the applicant in this case. Firstly, it appears to me that the legislation requires actual notice if it is to have any relevance to the objective behind the section. Deemed notice would not allow SMI an opportunity to respond. Secondly, deemed notice could not occur until after April 26. That would not be in my opinion sufficient time to respond to this application by May 3 in any meaningful fashion as contemplated by s. 4(d).

[21]     The arguments made by SMI under ss. 4(a) and 10 of the Act appear to

- 8 -

have considerable merit. I need not deal with them as CE has failed in its application by virtue of the preliminary notice issue under s. 4(d). The application by CE is dismissed with costs payable to the respondent SMI in respect of this application which I fix at $1,000.

                                                                               _____ J.

                                                                                              R.C. MILLS

CANADA ) QB No. 1195 of 2007
PROVINCE OF SASKATCHEWAN )

IN THE COURT OF QUEEN'S BENCH
JUDICIAL CENTRE OF SASKATOON

BETWEEN:

**CE DESIGN LTD.,**
**Individually and on behalf of a certified class, as assignees**

APPLICANT

I HEREBY CERTIFY THIS TO BE
A TRUE COPY OF THE ORIGINAL

-and-

SASKATCHEWAN MUTUAL INSURANCE COMPANY

RESPONDENT

BEFORE THE HONOURABLE ) ON TUESDAY, THE 20th
MR JUSTICE )
R.C. MILLS ) DAY OF NOVEMBER, 2007.

## ORDER

UPON application by the Applicant, CE Design Ltd., and upon hearing read the Notice of Motion with proof of service, the Affidavit of Ryan Wanca, the Affidavit of Rod Wotherspoon, and the draft Order, all filed;

AND UPON hearing submission by counsel for the Applicant, and counsel for the Respondent, Saskatchewan Mutual Insurance Company.

IT IS HEREBY ORDERED AS FOLLOWS:



QUEEN'S BENCH
Jud. Centre of SASKATOON
FEB 25 2008
FILED

H:\Client\5164\209\S0215562.DOC - 10:27 AM / February 19, 2008

1. The application brought by CE Design Ltd. to register an Illinois judgment, namely that of the Order of Judge Helen S. Rozenberg, dated May 3, 2007, in the Circuit Court of the 19th Judicial Circuit Lake County, Illinois matter No. 04 L 1048, pursuant to *The Enforcement of Foreign Judgments Act* is hereby dismissed; and

2. The Respondent, Saskatchewan Mutual Insurance Company, shall have costs of the application, which are fixed in the sum of $1,000.00.

ISSUED at the City of Saskatoon, in the Province of Saskatchewan, this ___ day of February, 2008.

DIANE PAPUZYNSKI
DEPUTY LOCAL REGISTRAR

Local Registrar

This document was delivered by:

ROBERTSON STROMBERG PEDERSEN LLP
Barristers and Solicitors
600 105 21st Street East
Saskatoon, SK
S7K 0B3

Telephone: 306-652-7575
Lawyer in Charge of File: M. Kim Anderson